DECISION. *Page 2 
{¶ 1} In this appeal, the question before us is whether a city employee may be represented by a non-attorney union official at a post-termination hearing before the city's civil service commission. We answer this question in the affirmative.
 Background {¶ 2} Defendant-appellee, the city of Cincinnati, terminated plaintiff-appellant, Tony Williams, from his position as an accounting technician at Cincinnati Water Works after he had admitted to falsifying data for a co-worker, Joy Riley, to effectively reduce the water and sewer charges on her account. Williams appealed his termination to the Cincinnati Civil Service Commission ("the commission"). At the hearing before the commission, Williams was represented by a union official. The only issue at the hearing was whether Williams's termination was an excessive penalty for falsifying data, given his exemplary 17-year work history. The commission upheld Williams's termination because although "[t]his is a very unfortunate situation[,] * * * he altered official data to advantage another employee. This action is illegal and cannot be taken lightly as he was in a position of trust."
 {¶ 3} Williams filed an administrative appeal in the court of common pleas. Prior to a hearing before a magistrate, Williams moved to strike most of the record created before the commission and then moved to admit his affidavit into the record under R.C. 2506.03. Williams argued that his post-termination hearing before the commission was tainted and did not satisfy "due process" because he was not represented by an attorney. He argued that the union official representing him engaged in the unauthorized practice of law in violation of R.C. 4705.01 when she *Page 3 
stipulated to facts, presented evidence, cross-examined witnesses, and made oral arguments before the commission. Because his union representative allegedly engaged in the unauthorized practice of law, Williams maintained that any evidence presented or stipulated to by his representative was "illegal" and should be stricken from the record. The magistrate disagreed, overruling both motions and affirming the commission's decision.
 {¶ 4} Williams filed objections to the magistrate's decision, which were overruled by the trial court. Williams now appeals the trial court's decision, bringing forth two assignments of error.
 Standard of Review {¶ 5} A decision of a municipal civil service commission is appealable under R.C. Chapter 2506. When reviewing administrative appeals under this chapter, the court of common pleas considers the whole record, "including any new or additional evidence submitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[1]
This court's standard of review is more limited. We review the judgment of the common pleas court only on "questions of law."[2]
 Non-Attorney Union Representatives Permissible {¶ 6} In his first assignment of error, Williams asserts that the trial court erred in adopting the magistrate's decision affirming the termination of Williams's employment with the city. Williams argues that the trial court's decision was illegal *Page 4 
because the magistrate's decision was based on evidence presented to the commission by a non-attorney. We disagree.
 {¶ 7} There is no case law directly on point discussing whether a non-attorney union official may represent a city employee before a city's civil service commission, but there is guidance under Ohio's statutes. Although R.C. 4705.01 states that "no person shall be permitted * * * to commence, conduct, or defend any action or proceedings in which the person is not a party concerned, * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules," not all representation before an administrative board by a non-lawyer is forbidden.
 {¶ 8} The State Personnel Board of Review, which hears appeals from state employees regarding, inter alia, the termination of their jobs, permits state employees to be represented before the board by a person who is not an attorney "so long as th[at] person does not receive any compensation from the employee for such representation."[3]
Furthermore, R.C. 124.03(A)(1), which sets forth the duties and powers of the State Personnel Board of Review, provides that "in any hearing at which a record is taken that may be the basis for an appeal to a court, an employee may be represented by a person permitted to practice before the board who is not an attorney at law so long as the person does not receive any compensation from the employee by such representation."
 {¶ 9} The city's civil service commission has similar duties to the State Personnel Board of Review, except that the city's commission hears appeals by city *Page 5 
employees regarding employment termination. Under these circumstances, we regard the procedures governing the State Personnel Board of Review as to who may represent state employees to be instructive to the question before us. Given the similarity between the duties of the State Personnel Board of Review and the city's commission, we hold that a non-attorney union official may represent a city employee before the commission as long as the representative does not receive any compensation from the employee for that specific representation. In further support of our holding, we note that members of the city's commission are not required to be attorneys.[4] Therefore, an employee represented by a non-attorney union official is not at a disadvantage in appearing before the board.
 {¶ 10} Because there is no evidence in the record that Williams paid his union representative, we conclude that the magistrate's decision was not "illegal." Accordingly, we hold that the trial court did not err in adopting the magistrate's decision affirming the city's removal of Williams. The first assignment of error is overruled.
 {¶ 11} In his second assignment of error, Williams argues that the trial court erred "by upholding the magistrate's decision to prohibit additional evidence from Williams by way of his affidavit." This assignment of error is not well taken.
 {¶ 12} In an administrative appeal, the common pleas court is confined to the transcript of the evidence developed before the agency subject to a few exceptions. Williams argues that the exception set forth in R.C. 2506.03(A)(2) applied in this case. R.C. 2506.03(A)(2) provides that additional evidence may be submitted if the appellant was not permitted to be heard personally, or by a *Page 6 
representative, and was not permitted to present his arguments, examine witnesses, and offer evidence into the agency record.
 {¶ 13} Williams argues that because his union representative was not an attorney, he was denied the opportunity to present evidence and to argue his position properly. Because we have held that a city employee may be represented by a non-attorney union official at a post-termination hearing before the city's commission, the record demonstrates that Williams was provided with the opportunity to present arguments and to offer evidence before the commission. Therefore, R.C. 2506.03(A)(2) did not apply in this case. Accordingly, we hold that the trial court did not err by upholding the magistrate's decision to prohibit Williams from introducing additional evidence during his appeal. The second assignment of error is overruled.
 {¶ 14} The judgment of the trial court is affirmed.
Judgment affirmed.
PAINTER and SUNDERMANN, JJ., concur.
[1] Henley v. Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142,147, 2000-Ohio-493, 735 N.E.2d 433; see, also, R.C. 2506.03; and2506.04.
[2] R.C. 2506.04; Henley, supra, at 147.
[3] Ohio Adm. Code 124-00-05(A); see, also, Ohio Adm. Code 124-1-02(BB) ("representative" is defined as "any person who is either admitted to practice law in Ohio or a person who is not admitted to the practice of law in Ohio and who does not receive any compensation from the party for such representation").
[4] Cincinnati Municipal Code Article IV, Section 1. *Page 1